IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERRANCE TURNER,<br><br>    *Plaintiff,*<br><br>v.<br><br>BLOCK, INC., *et al.,*<br><br>    *Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00167-TES** |

**ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS***

On May 1, 2026, Plaintiff Terrance Turner, proceeding pro se and on behalf of others, filed a complaint against the following four defendants: Block, Inc.; Cash App; Chime Financial, Inc.; and the Federal Trade Commission. [Doc. 1, p. 2]; [Doc. 1-1, p. 1]. Turner also listed seven other potential defendants—the Department of Homeland Security; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the National Security Agency; the United States Special Operations Command; the Federal Bureau of Investigation; the Central Intelligence Agency; and the Secret Service—but he failed to provide addresses for any of them. [Doc. 1, p. 2].

Although he is not a licensed attorney, Turner once again appears to be suing on behalf of others, and as other district courts have noted, his filings are "nonsensical," "irrational," "illogical," and "unintelligible." [Doc. 1-1, p. 1]; *In re Turner*, No. 1:23-cv-4996-MLB, 2024 WL 2406828, at *1 (N.D. Ga. May 6, 2024), *report and recommendation*

*adopted*, No. 1:23-cv-4996-MLB, 2024 WL 4005227 (N.D. Ga. July 11, 2024); *see, e.g.,* *Turner v. Food and Drug Admin.*, No. 3:23-cv-987 (consolidated), 2023 WL 4109782, at *1 (N.D. Tex. June 1, 2023), *report and recommendation adopted*, 2023 WL 4109721 (N.D. Tex. June 21, 2023); *Turner v. Athene*, No. 23-cv-06369, 2023 WL 9595515, at *3 n.2 (N.D. Cal. Dec. 19, 2023) (describing Turner's lawsuits as "both delusional and deficient," and characterizing his extensive filing history as a "vexatious pattern and thus an abuse of the privilege of proceeding [*in forma pauperis*]"). While federal law permits Turner to represent himself, 28 U.S.C. § 1654, he cannot sue on behalf of others, and some courts have even reported him for the unauthorized practice of law. *See Turner v. Methodist Hosp.*, No. 8:23cv353, 2023 WL 6997025, at *3 (D. Neb. Oct. 24, 2023); *Turner v. Eli Lily Co., et al.*, No. 3:23-cv-01722, ECF No. 3 at 3 (S.D. Cal. Oct. 17, 2023).

Additionally, on May 11, 2023, a district judge from the Northern District of Texas, in summarily dismissing two of Turner's lawsuits with prejudice as frivolous and malicious, barred Turner from filing further actions *in forma pauperis* in that court or "any other federal court, without first obtaining leave of court to do so." *See Turner v. Trugreen Ltd. P'ship*, No. 3:23-CV-989-G-BK (N.D. Tex. May 11, 2023), Dkt. No. 9; *Turner v. LegalMatch*, No. 3:23-CV-993-G-BK (N.D. Tex. May 11, 2023), Dkt. No. 10; *see also* 28 U.S.C. § 1915(e)(2)(B). Turner was and remains enjoined by that bar order. *See In re Turner*, 2024 WL 2406828, at *2 (N.D. Ga. May 6, 2024). To be sure, this lawsuit isn't Turner's first visit to the Middle District of Georgia either as he's filed 17 cases from

2

2020 to 2023 and this one in 2026.[1] "Since February 2020, Turner has filed over 150 lawsuits in more than a dozen different federal district courts across the country." *Id.* at *1. Further, the Northern District of Georgia has also recognized Turner's extensive and vexatious filing history noting the Northern District of Texas' nationwide filing injunction enjoining Turner from filing any *in forma pauperis* federal actions without first obtaining leave of court. *Id.* at *2.

Although Turner filed a motion for leave to proceed *in forma pauperis* along with his complaint and two "Motions to Form Leave" on May 1, 2026, and May 12, 2026, respectively, in an effort to comply with the injunction against him, the Court will not allow him to proceed *in forma pauperis* in this action. [Doc. 2]; [Doc. 3]; [Doc. 4]. Despite Turner's assertion of poverty under penalty of perjury in his application to proceed *in forma pauperis*, he clearly states, in this Motions to Form Leave, that he "can most urgently pay the fee . . . because there is enough money to do so." *See* [Doc. 2, p. 1], *in connection with* [Doc. 3, pp. 1–2]; [Doc. 4, pp. 1–2]. This statement—that "there is enough money" to pay the filing fee—contradicts Turner's allegation of poverty, and that is enough for the Court to immediately dismiss this lawsuit. [Doc. 3, pp. 1–2]; [Doc. 4, pp. 1–2]. Federal law states that courts "*shall* dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A) (emphasis added).

---

[1] Turner's cases can be found on PACER's Case Locater, available at https://pcl.uscourts.gov/pcl/index.jsf.

Notwithstanding the clear statutory authority for the Court to dismiss this case now, the Court will provide Turner *12 days* to pay the filing fee he says he's "ready to pay." [Doc. 3, p. 2]; [Doc. 4, p. 2]. The Court notes, however, that most of Turner's claims in his complaint rely on various criminal statutes from Title 18 of the United States Code, and as he's already been told, "private individuals lack standing to assert claims for relief based on criminal statutes." *Turner v. Argo Grp.*, No. 23-cv-03542-TSH, 2023 WL 5279454, at *3 (N.D. Cal. Aug. 15, 2023); [Doc. 1, p. 3]. The other claims rely on the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 41–58, for which there is also not a private right of action; two House Resolutions; and a breach-of-contract theory. [Doc. 1, p. 3]. The FTCA does not provide a private right of action and is only enforceable by the Federal Trade Commission. 15 U.S.C. § 45(a); *Helms v. Consumerinfo.com, Inc.*, 436 F. Supp. 2d 1220, 1235 (N.D. Ala. 2005) (citing *Red Diamond Supply, Inc. v. Liquid Carbonic Corp.*, 637 F.2d 1001, 1008 n.13 (5th Cir. Feb. 23, 1981)).[2]

As this case appears to be yet another frivolous and delusional lawsuit from Turner, the Court **DENIES** his motion for leave to proceed *in forma pauperis* and his "Motions to Form Leave." [Doc. 2]; [Doc. 3]; [Doc. 4]. Accordingly, **IT IS SO ORDERED** that Turner must pay the full filing fee of $405 by *May 26, 2026*, for this action to

---

[2] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

proceed. *See* Fee Schedules, https://www.gamd.uscourts.gov/fee-schedules (last visited May 14, 2026); *see also* Fed. R. Civ. P. 6(d) (ultimately giving Turner until May 29, 2026, to pay the full filing fee).

Within 14 days of May 9, 2026, the Court ordered Turner "to file any orders from the Northern District of Texas or any other district in the United States concerning any requirements and/or limitations on [his] ability to file suits in federal court without the prior approval of the Court or any other similar orders." Text-Only Order, *Turner v. Block, Inc.*, No. 5:26-cv-00167-TES (M.D. Ga. May 9, 2026). Despite the Court denying Turner leave to proceed *in forma pauperis* as set out above, Turner must still comply with the Court's order from May 9, 2026, within the time ordered by the Court—by May 26, 2026. *See id.*; *see also* Fed. R. Civ. P. 6(a)(1)(C) & 6(a)(6)(A), *in connection with* Fed. R. Civ. P. 6(d) (ultimately giving Turner until May 29, 2026, to comply with the Court's order from May 9, 2026).

Failure to comply with that order *and* pay the filing fee within the time ordered—ultimately by May 29, 2026—will result in immediate dismissal of Turner's complaint for failure to obey a court order pursuant to Federal Rule of Civil Procedure 41(b). *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for . . . failure to obey a court order.").

**SO ORDERED**, this 14th day of May, 2026.

S/ *Tilman E. Self, III*

**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**