**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **TERRANCE TURNER,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**BLOCK, INC.,** ***et al.*****,**<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:26-cv-00167-TES** |

**ORDER OF DISMISSAL**

On May 1, 2026, Plaintiff Terrance Turner filed a complaint against Block, Inc.; Cash App; Chime Financial, Inc.; and the Federal Trade Commission.[1] [Doc. 1, p. 2]; [Doc. 1-1, p. 1]. On July 31, 2026, at the expiration of Plaintiff's 90-day deadline to serve his named defendants in accordance with the applicable methods proscribed by Federal Rule of Civil Procedure 4, the Court issued a show-cause order providing him an opportunity to demonstrate "why this action should not be dismissed for his failure to comply with Rule 4(m)'s 90-day service deadline." [Doc. 11, p. 3]; Fed. R. Civ. P. 4(m).

In his response to the Court's show-cause order, Plaintiff listed two main reasons "why [this] case should not be dismissed." [Doc. 12, p. 1]. Neither of those reasons,

[1] Turner also listed seven other potential defendants—the Department of Homeland Security; the Bureau of Alcohol, Tobacco, Firearms and Explosives; the National Security Agency; the United States Special Operations Command; the Federal Bureau of Investigation; the Central Intelligence Agency; and the Secret Service—but he failed to provide addresses for any of them. [Doc. 1, p. 2].

however, demonstrate the requisite "good cause" that must be shown by a plaintiff for a court to be obligated to extend the time of service. Fed. R. Civ. P. 4(m). First, Plaintiff mentions *why* he filed this lawsuit. [Doc. 12, p. 1]. Why he filed this lawsuit has nothing to do with his failure to timely serve the named defendants. Second, he says he "served . . . the companies named as defendants electronically because [of] the pandemic and life circumstances necessitate the usage and utilization of [the] United States Postal Service."[2] [*Id.*]. Plaintiff states that he served "all three companies" "utilizing an email address that is listed on their websites." [*Id.* at p. 2]. For the reasons explained below, these methods are insufficient.

To begin, Rule 4(c)(1) states that "[a] summons must be served with a copy of the complaint," and "[t]he plaintiff is responsible for having the summons and complaint served." To formally serve process on a corporation under the federal rules, a plaintiff must, at the least, "deliver[ ] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1). "The term 'delivering' [in Rule 4(h)] appears to refer to personal service." *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009). A plaintiff may also use any method of service allowed in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

[2] Plaintiff's response makes no mention of the Federal Trade Commission or any service attempt made on it under Rule (i). *See generally* [Doc. 12]. In fact, Plaintiff omits the Federal Trade Commission from his list of defendants in the caption and only lists Block, Inc.; Cash App; and Chime Financial, Inc. [*Id.* at p. 1].

Georgia law requires, *inter alia*, that a summons and complaint be served together and that they be personally served on a defendant by a person who is not a party and who is a process server or appointed by the presiding court. O.C.G.A. § 9-11-4(c)(4), (e). While parties may, once a summons and complaint have been properly served under Rule 4, serve other papers "by other electronic means that the person consented to in writing," serving *formal process* electronically, however, is not a permissible method under Rule 4 or Georgia law. *Stoni Med. Staffing v. Ally Fin.*, No. 4:23-cv-3, 2023 WL 11841026, at *1 (S.D. Ga. Sept. 26, 2023); Fed. R. Civ. P. 5(b)(2)(E); *see also Camp v. Coweta Cnty.*, 625 S.E.2d 759, 761 n.4 (2006) (discussing Georgia law's requirement for in-person service). Even if electronic service was a permissible method for Plaintiff to serve copies of his summons and complaint on "the companies named as defendants," his response to the Court's show-cause order failed to indicate that any of those companies consented in writing to such service as required by Rule 5(b)(2)(E). [Doc. 12, p. 1].

Further, Rule 4, like Georgia law, also "does not authorize service of process through the mail." *Thorpe v. Dumas*, 788 F. App'x 644, 647 (11th Cir. 2019); *see also* Fed. R. Civ. P. 4(h)(1); O.C.G.A. § 9-11-4(e); *Brown v. Wersant*, No. 1:10-CV-02203-WSD-GGB, 2010 WL 11647271, at *1 (N.D. Ga. Nov. 23, 2010) ("Service by mail is insufficient service under both the federal rules and state law."), *report and recommendation adopted*, No. 1:10-CV-2203-WSD, 2011 WL 13319116 (N.D. Ga. Feb. 10, 2011). While Plaintiff states that he "didn't have enough money to pay for more advanced nonrepudiation services such as

'certified mail' or 'FedEx' delivery," even if he had used those services, "[s]ervice by certified mail generally does not constitute 'delivery' under [the] subsections of Rule 4." *Thorpe*, 788 F. App'x at 647 (citations omitted). Then, with respect to his service attempt through the mail, Plaintiff says, "[i]t is possible that the mail was intercepted or delayed or sabotaged or ambushed." [Doc. 12, p. 2]. Without more, Plaintiff failed to demonstrate "good cause" such that the Court is required to extend his time to serve his named defendants. Although courts must "give liberal construction to the pleadings of pro se litigants," pro se litigants must still "conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

For the remainder of his response, Plaintiff, among many other ramblings, references how his "Call of Duty account . . . has been hacked." [Doc. 12, p. 2]. He states that "[his] character" was "gimped . . . down to basically 'two skill set trees out of four' when the fourth was a new addition to the game" and that someone "kept 'bricking' [his] character through hacks and cheats and kept [his] character from leveling up again." [*Id.*]. Again, that has nothing to do with his failure to timely serve the named defendants. Lastly, Plaintiff states that the National Security Agency, the Central Intelligence Agency, and the United States Special Operations Command "are in control of [his] life through means of advanced technology." [*Id.*]. Again, such a baseless allegation does nothing for Plaintiff's requirement that he must "show good cause" for the Court to be required to extend his service deadline. Fed. R. Civ. P. 4(m).

All in all, Plaintiff's statements that he "served . . . the companies named as defendants electronically . . . and [through] utilization of [the] United States Postal Service" are insufficient to warrant "good cause" especially considering that he failed to provide the Court with any supporting documentation as to *where* he e-mailed and mailed the copies of his summons and complaint. [Doc. 12, p. 1]. Accordingly, Plaintiff has not "show[n] good cause" to extend the service deadline, and the Court **DISMISSES** this action **without prejudice** pursuant to Rule 4(m).

**SO ORDERED**, this 12th day of August 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**